IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRANCE WONGUS** : | |
| : | |
| v. : | **CIVIL ACTION NO. 16-5081** |
| : | |
| **CITY OF PHILADELPHIA** : | |
| **POLICE OFFICER CHRISTOPHER** : | |
| **HULMES** : | |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**October 13th, 2016**

　　　　Plaintiff Terrance Wongus, a prisoner at the State Correctional Institution at Graterford, brings this civil action pursuant to 42 U.S.C. § 1983, based on allegations that he was falsely arrested and wrongfully convicted. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

**I.　　FACTS**

　　　　Plaintiff alleges that on or about April 28, 2011, he exited his vehicle to speak with a family member. A police officer pulled up in a car and asked whether plaintiff had a gun. The officer apparently searched the area, but no gun was found. At some point, Officer Christopher Hulmes alleged that he saw plaintiff toss three bundles of heroin. Other officers reported that plaintiff claimed to have had a gun on him. Officer Hulmes arrested plaintiff even though no gun or drugs were found.

　　　　In April of 2015, the local media reported that Officer Hulmes was charged with perjury and related offenses for lying in court and on paperwork in connection with a 2010 case. Plaintiff indicates that Officer Hulmes also provided false testimony at trial in his case, which led

to his conviction. Plaintiff further alleges that the City of Philadelphia failed to properly train Officer Hulmes. Based on those allegations, plaintiff seeks release from prison and monetary damages for violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

A search of public records reflects that plaintiff was charged with various crimes in 2011. Relevant here, plaintiff was charged with a drug crime on April 29, 2011 based on an offense that allegedly took place on April 28, 2011. *See Commonwealth v. Wongus*, Docket No. MC-51-CR-0018304-2011 (Phila. Municipal Ct.). The docket lists Officer Hulmes as the arresting officer. The drug charge was withdrawn on July 26, 2011. Plaintiff was also charged with firearms and other offenses based on events that occurred on April 27, 2011. *Commonwealth v. Wongus*, Docket No. CP-51-CR-0011899-2011 (Phila. Ct. of Common Pleas). Following a trial, he was convicted in 2013 of robbery and possessing an instrument of crime, and acquitted of the firearms offenses. The remaining charges were nolle prossed.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative

---

[1] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.     DISCUSSION

To the extent plaintiff is alleging that his convictions and related imprisonment are unconstitutional because of false trial testimony, his claims are not cognizable in a civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, if plaintiff seeks release from custody, he must file a *habeas corpus* petition after exhausting state remedies. *See* 28 U.S.C. § 2254.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). If plaintiff is seeking damages based on allegations that he is currently imprisoned pursuant to false convictions, his claims are not cognizable because the complaint and the public docket indicate that his convictions have not yet been overturned.

To the extent plaintiff is challenging his 2011 arrest, his claims are time-barred. Pennsylvania's two-year limitations period applies to plaintiff's claims. *See* 42 Pa. Stat. and Consol. Stat. Ann. § 5524; *see generally Wallace v. Kato*, 549 U.S. 384, 387 (2007) (§ 1983 statute of limitations determined by reference to state law). The statute of limitations on plaintiff's claims began to run when he had a full and complete cause of action and knew or should have known of the injury upon which his claims are based. *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, plaintiff's false arrest claims accrued on April 28, 2011, the date on which he was allegedly falsely arrested. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). However, plaintiff did not file this action until September of 2016—more than three years after the limitations period expired.[2] His false arrest claim is therefore untimely.

Although the complaint indicates that plaintiff seeks to attack convictions that have not been overturned, public dockets indicate that he was not convicted of other charges that may be relevant to his claims. To the extent plaintiff is raising malicious prosecution claims based on those charges, his claims fail. To prevail on a malicious prosecution claim, a plaintiff must establish, among other things, that the criminal proceeding in question terminated in his favor. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). "[U]pon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged" for favorable termination to exist. *Id.* at 188. The statute of limitations on plaintiff's malicious prosecution claims accrued when he had a full and

---

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988). The complaint does not reflect when plaintiff delivered it for mailing, but it is dated September 19, 2016, and was received by the Court on September 22, 2016.

complete cause of action, that is, when the criminal proceeding in question terminated in his favor. *See Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989).

The public docket reflects that the criminal proceeding related to the drug charge terminated in plaintiff's favor on July 26, 2011. As plaintiff did not file this lawsuit until September of 2016, any malicious prosecution claims premised on that proceeding are time-barred. To the extent plaintiff is raising malicious prosecution claims based on the gun charges of which he was acquitted, his claims fail because either the charges aimed to punish the same misconduct of which he was convicted, such that plaintiff's conviction on some of the charges precludes a conclusion that the proceeding as a whole (including the gun charges) terminated in his favor, or the conduct underlying the gun charges is sufficiently distinct from the other charged conduct such that plaintiff had a complete cause of action at the time the gun charges were dismissed on July 10, 2013, in which case his claims are time-barred. *See Kossler*, 564 F.3d at 191-92; *see also Humphries v. Houghton*, 442 F. App'x 626, 629 (3d Cir. 2011) (per curiam).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the defects in his claims. Accordingly, plaintiff will not be permitted to file an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows, which shall be docketed separately.